ALICIA HUTCHINSON WIDOW OF PEDREIRA, Plaintiff and Appellant, *v.* LUIS ALFREDO GONZÁLEZ CAPILLA ET AL., Defendants and Appellees.

No. R-62-132.    Decided October 23, 1963.

*Julio Suárez Garriga* for appellant. *Rivera Zayas, Rivera Cestero & Rúa,* and *C. A. Romero* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: In the action for damages sustained as a result of an accident, case No. 60-6718 of the San Juan Part of the Superior Court, brought by Alicia Hutchinson widow of Pedreira against Luis A. González, Virgilio Vilomar Pacheco, Martorani Motors, Inc., and Commercial Insurance Co., judgment was rendered awarding to plaintiff $12,000 for the "physical and moral suffering, the limitation in her capacity for work and loss of her income as a piano teacher." For medical and hospital expenses she was awarded $1,495.25, which was reduced in appeal R-62-134 brought by defendants to $1,345.75 by judgment of even date herewith.

Plaintiff appealed from the judgment as to that amount of damages, and before this Court she maintains that the trial court erred in determining and computing the different

elements of damages and in fixing them at a very small sum, and that it should be modified for the purpose of fixing them at some amount between $110,800 and $121,968.

Apparently defendants-appellees rely in this appeal on the grounds of opposition which they stated upon objecting to the issuance of the writ and which in part are the following:

"Appellant does not allege that there has been abuse of discretion, and her appeal seems to be based only on the statements of the trial judge himself in passing upon defendant's motion on Additional Findings of Fact, in which the trial judge himself says that he has been most conservative. The fact that a judge believes that he has been most conservative or liberal is no reason at all to impute error in the award of damages. The amounts awarded are not only sufficient but also excessive, and the appeal is obviously frivolous and without merit.

"In connection with the error on the item allowed for lucrum cessans for loss of her ability to give piano classes, we hold that this item is not only excessive but also wholly untenable for the reasons set forth in detail in the petition filed by defendants in appeal No. 62-134, and the discussion of error No. 1 of appeal No. 62-134 is hereby attached and made a part of this motion for dismissal. In that error it is specifically alleged that from plaintiff's own declaration, namely, from her income-tax returns, as well as from her social security statements, it appears clearly that plaintiff did not sustain loss of any income, that she lied under oath, and that her entire statement should be called in question because of the perjury committed."

We have studied the entire evidence introduced by the parties and in our opinion the trial court made a reasonable weighing of the damages. Its estimate, taking into account the concurring circumstances, seems correct. The error assigned was not committed.

The judgment appealed from which in another item was slightly modified in appeal R-62-134, as already stated, will be affirmed.